# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 14, 2019

```
* * * * * * * * * * * * * *    *
SCOTT SKILES and MISTY SKILES,  *    No. 18-1597V
parents of M.S., a minor,       *
                                *
            Petitioners,        *    Special Master Sanders
                                *
 v.                             *
                                *
SECRETARY OF HEALTH             *    Stipulation for Award; Influenza ("flu")
AND HUMAN SERVICES,             *    Vaccine; Transverse Myelitis ("TM")
                                *
            Respondent.         *
* * * * * * * * * * * * * *    *
```

## DECISION[1]

On October 16, 2018, Scott and Misty Skiles ("Petitioners") filed a petition for compensation on behalf of M.S., a minor, pursuant to the National Vaccine Injury Compensation Program.[2] Pet. At 1, ECF No.1; 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioners alleged that the influenza ("flu") vaccine M.S. received on October 30, 2015, caused her to develop transverse myelitis ("TM"). *See* Stip. at 1, ECF No. 28. Petitioners further alleged that M.S. experienced the residual effects of this injury for more than six months. *Id.*

On November 13, 2019, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioners. *Id.* at 2. Respondent denies that the flu vaccine caused M.S.'s alleged TM, or any other injury. *Id.* Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioners shall receive the following compensation:

    **a.  a lump sum of $5,763.96, which amount represents compensation for past**

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

**unreimbursable expenses, in the form of a check payable to[P]etitioners, Scott Skiles and Misty Skiles; and**

**b.  a lump sum of $145,000.00, which amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a), in the form of a check payable to [P]etitioners as guardian(s)/conservator(s) of M.S.'s estate. No payments shall be made until [P]etitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of M.S.'s estate.**

*Id.*

I approve the requested amount for Petitioners compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

SCOTT SKILES and MISTY SKILES, )
parents of M.S., a minor, )
)
         Petitioners, )
)
v. )
)
SECRETARY OF HEALTH AND HUMAN )
SERVICES, )
)
         Respondent. )

No. 18-1597V
Special Master Sanders
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, M.S., Scott Skiles and Misty Skiles ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to M.S.'s receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. M.S. received the flu vaccine on October 30, 2015.

3. The vaccination was administered within the United States.

4. Petitioners allege that M.S. suffered transverse myelitis ("TM") as a result of receiving the flu vaccination, and further allege that she experienced the residual effects of her injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on M.S.'s behalf as a result of her condition.

6. Respondent denies that the flu vaccine caused M.S. to suffer TM or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. a lump sum of $5,763.96, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Scott Skiles and Misty Skiles; and

b. a lump sum of $145,000.00, which amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioners as guardian(s)/conservator(s) of M.S.'s estate. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of M.S.'s estate.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of M.S. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of M.S.'s estate under the laws of the State of Arkansas. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of M.S.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of M.S. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of M.S. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as legal representatives of M.S., on behalf of themselves, M.S., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

3

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of M.S. resulting from, or alleged to have resulted from, the flu vaccination administered on October 30, 2015, as alleged by petitioners in the petition for vaccine compensation filed on October 16, 2018, in the United States Court of Federal Claims as petition No. 18-1597V.

15. If M.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused M.S. to develop TM or any other injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of M.S.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

_____
SCOTT SKILES

_____
MISTY SKILES

ATTORNEY OF RECORD FOR
PETITIONERS:

_Ronald C. Homer by Meredith Daniels_
RONALD C. HOMER  _Rule 83.1(c)(2)_
Conway Homer P.C.
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_Ward Sorensen for_
TAMARA OVERBY
Acting Director, Division of Injury Compensation
        Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
SARAH C. DUNCAN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729

Dated: _November 13, 2019_

6